**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN M. KEEFE,**

                **Appellant,**

**-vs-**                                      **Case No. 6:06-cv-526-Orl-31DAB**

**WALLACE M. RUDOLPH,**

                **Appellee.**
_____/

## ORDER

The Appellant, John M. Keefe ("Keefe"), appeals the judgment in an adversary proceeding (Doc. 2-3) and the order denying his motions to compel and for summary judgment (Doc. 2-4) entered by the Bankruptcy Court on February 1, 2006. Keefe, formerly an attorney for the Debtor/Appellee, Wallace M. Rudolph ("Rudolph" or "Debtor"), sought a determination that his $31,250 debt for legal services was nondischargeable under 11 U.S.C. §523(a)(2)(A) or that Rudolph should be denied a discharge entirely under 11 U.S.C. § 727(a)(3) and (a)(4)(A).

**II. Legal Standards**

In reviewing bankruptcy court judgments, a district court functions as an appellate court. When reviewing a decision of a bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. Fed. Bankr. R. 8013. A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Paramount Citrus, Inc.*, 268 B.R. 620, 621 (M.D.Fla. 2001) (citing *United*

*States v. U.S. Gypsum*, 333 U.S. 364, 395 (1948)). The district court may not make independent factual determinations; if the bankruptcy court is silent or ambiguous as to an outcome-determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings. *In re JLJ, Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).

**III.   Analysis**

Keefe first challenges the Court's denial of his motion for summary judgment and his motion to compel. (Doc. 24 at 6). Prior to the conclusion of the period for responding to the motion for summary judgment, the Bankruptcy Court conducted a trial concerning (*inter alia*) the issues it raised, thereby mooting the motion. The motion to compel was filed in the middle of the trial, after discovery had closed, thereby meriting denial. On appeal, Keefe offers no legal justification for overturning the Bankruptcy Court's disposition of either motion.

As for the Section 523 and 727 claims, Keefe offers a laundry list of alleged missteps by the Debtor, ranging from evidence of Rudolph's alleged intent to defraud him regarding the legal services debt to a number of errors and omissions in the bankruptcy schedules. The evidence of fraudulent intent is weak, to put it charitably, consisting principally of a statement by Rudolph that he originally intended to spend no more than $5,000 for the representation at issue and an attempt by Rudolph to settle the debt for $4,000. (Doc. 24 at 11-12). This Court cannot conclude that the Bankruptcy Court erred in finding that Rudolph had not made a false statement upon which Rudolph could have justifiably relied. (Doc. 6-8 at 31).

Regarding the Section 727 claims, the Bankruptcy Court did find that Rudolph had committed some errors in preparing his schedules and omitted some assets. However, after a lengthy examination, the Bankruptcy Court concluded that the errors were not sinister, and that the

omissions were either voluntarily rectified by the Debtor (*e.g.*, the Homesteaders Lakes partnership interest), *de minimis* (income from his wife's business), technically improper but understandable (the worthless Empirical Research notes), or innocently omitted (the lawsuit settlements). (Doc. 6-8 at 32-38). Moreover, the Bankruptcy Court had the opportunity to observe Rudolph's demeanor on the witness stand and found him trustworthy and credible. (Doc. 6-8 at 38). Keefe's recitations of the arguments he originally made at trial are insufficient to convince this Court that the Bankruptcy Court made any significant errors of law or reached any factual conclusions that are clearly erroneous. In consideration of the foregoing, it is hereby

**ORDERED** that the decision of the Bankruptcy Court is **AFFIRMED**. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 14, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party